**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| BARRY SEAGRAVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:05-cv-890-DFH-VSS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing United States' Motion to Dismiss**

The United States challenges the legal sufficiency of plaintiff Seagrave's complaint seeking a refund of federal income taxes. The United States' motion to dismiss is brought pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure.* Such motions serve a limited purpose. A complaint should be dismissed for failure to state a claim upon which relief can be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). "Rule 12(b)(6) should be employed only when the complaint does not present a legal claim." *Johnson v. Revenue Mgmt. Corp.,* 169 F.3d 1057, 1059 (7th Cir. 1999). A motion to dismiss pursuant to Rule 12(b)(6) does not test whether the Defendant will prevail on the merits, but instead whether the Plaintiff has properly stated a claim for which relief may be granted. *Pickrel v. City of Springfield, Ill.,* 45 F.3d 1115, 1118 (7th Cir. 1995). The court must accept as true all of the plaintiff's well-pleaded factual allegations, as well as all reasonable inferences that can be drawn therefrom. *Id.* at 1117. Thus, the court will dismiss a complaint under Rule 12(b)(6) only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Ledford v. Sullivan,* 105 F.3d 354, 357 (7th Cir. 1997) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 78 (1984)).

Taking the allegations of Seagrave's complaint as true, the facts are these: Seagrave owed federal income taxes for the years 1989 and 1990. The Internal Revenue Service ("IRS") determined Seagrave's liability for those years. The 1989 and 1990 income tax liabilities were assessed on November 29, 1993. After the passage of time during which these liabilities remained unpaid, the IRS instituted a levy on Seagrave's wages. The first such levy was executed on February 28, 2004. After two more collections from his wages, Seagrave paid the balance on April 20, 2004.

On or about December 16, 2004, Plaintiff filed a claim for refund for each of his taxable years 1989 and 1990, asserting that the statutes of limitations on collection of his 1989 and 1990 income tax liabilities expired before the IRS levied his wages. The IRS disallowed the claim for refund on January 24, 2005. Seagrave then filed this lawsuit on June 14, 2005. His claim is that the United States' levy was not issued within the permissible period.

The United States argues that the levy was not time-barred, because, due to the existence of pending or accepted payment agreements, the statutes of limitations for collection were suspended. The United States' argument on this basis relies on facts–the making, acceptance, and renewal of a payment agreement, followed then by the rejection of the renewal installment agreement–which Seagrave disputes.[1] The United States labels this dispute as one based on "unsubstantiated allegations." This argument confuses the standards for a motion for summary judgment and a motion to dismiss for failure to state a claim.

On the basis of the foregoing, therefore, the United States' motion to dismiss is **denied.**

The parties shall have **through January 4, 2006,** in which to file any further dispositive motion.

So ordered.

　　　　　　　　　　　　　　　　　　　　DAVID F. HAMILTON, Judge
　　　　　　　　　　　　　　　　　　　　United States District Court

Date:  December 21, 2005

Copies to:

---

[1]The United States invites the court to take judicial notice of facts found in prior litigation between Seagrave and the IRS. The factual predicate to every challenge to subsequent litigation is the production of sufficient records of the prior litigation to permit an informed comparison of the two.  When the prior litigation was in the same court, the court can take judicial notice of its own records. See Fed.R.Evid. 201; *see also General Elec. Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1081 (7th Cir. 1997) ("A court may take judicial notice of an adjudicative fact that is both 'not subject to reasonable dispute' and either 1) 'generally known within the territorial jurisdiction of the trial court' or 2) 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'") (internal citation omitted). The court declines this invitation at the present juncture, however, because the findings from the prior litigation are not documented, nor are they recited with precision, and because Seagrave denies the contention.

Barry Seagrave
2516 South 900 East
Greentown, IN   46936

Heather Lee Richtarcsik
U.S. DEPARTMENT OF JUSTICE - TAX DIVISION
heather.l.richtarcsik@usdoj.gov